IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ROMERO, § § *Petitioner,* § § v. § § LORIE DAVIS, § § *Respondent.* § | CIVIL ACTION NO. H-18-2193 |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Romero, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2010 state conviction. Having considered the petition, petitioner's show cause response, matters of public court record, and the applicable law, the Court **DISMISSES** this case as barred by limitations.

### I. AEDPA ONE-YEAR LIMITATION

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner states, and public court records show, that he was convicted and sentenced on December 15, 2010, in Brazos County, Texas. The conviction was affirmed on appeal on December 20, 2012, and discretionary review was refused on May 22, 2013. *Romero v. State*, No. 10-11-00053-CR (Tex. App. – Waco 2010, pet. ref'd). Petitioner's motion for rehearing was denied by the Texas Court of Criminal Appeals on August 21, 2013. Petitioner states that he did not pursue a writ of certiorari in the Supreme Court. Thus, his conviction became final for purposes of AEDPA on

2

November 19, 2013, and the one-year limitation expired on November 19, 2014, absent statutory tolling.

Petitioner filed his application for state habeas relief on August 14, 2014, with 98 days left on the AEDPA limitations "clock." The Texas Court of Criminal Appeals denied petitioner's habeas application on May 20, 2015, thus his federal habeas petition was due August 26, 2015. The instant federal habeas petition, filed no earlier than June 23, 2018, is untimely by nearly three years.

## II. EQUITABLE TOLLING

Because the habeas petition showed it was barred by the AEDPA one-year statute of limitations, the Court ordered petitioner to show cause why his case should not be dismissed. In response, petitioner stated that he is entitled to equitable tolling because in 2014, he was diagnosed with hepatitis C, hypertension, asthma, and vision difficulties that required him to wear, and become accustomed to, strong glasses. He argues that these health infirmities and his related medications prevented his filing the instant petition until June 23, 2018. In support, petitioner attaches copies of current prescriptions or receipts for amlodipine (hypertension treatment), pravastatin (hyperlipidemia treatment), and omeprazole (reflux treatment). He does not claim impairment by mental illness.

For purposes of this lawsuit, equitable tolling of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner. *McQuiggin v. Perkins*, 569 U.S.

3

383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of establishing his entitlement to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Other than claiming he was diagnosed with hepatitis C, asthma, hypertension and a need for strong eyeglasses in 2014, petitioner does not state or explain why he waited until June 2018 to seek federal habeas relief. Petitioner provides no basis for this Court to conclude that his health was so impaired during the relevant time period that he could not pursue his legal remedies in a timely manner in federal court. That is, he has not shown that there is a causal connection between his health issues and his failure to file a timely federal habeas petition. *See, e.g., Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam); *Hulsey v. Thaler*, 421 F. App'x 386, 389–90 (5th Cir. 2011). His conclusory allegation of being unable to file timely due to health reasons is insufficient to warrant equitable tolling.

Petitioner has not demonstrated that he is entitled to equitable tolling by showing that rare, exceptional, or extraordinary circumstances beyond his control made it impossible for him to file a timely federal habeas application or to file it prior to June 23, 2018. Petitioner's habeas petition is untimely and must be dismissed as barred by limitations.

## III. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 6th day of September, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5